NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 26 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARRELL HUNTER, | No. 18-17335 |
| Petitioner-Appellant, | D.C. No. 3:18-cv-02627-CRB |
| v. | |
| SCOTT KERNAN, Director, California Department of Corrections; XAVIER BECERRA, Attorney General of the State of California, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted October 21, 2020**
San Francisco, California

Before: HAWKINS, N.R. SMITH, and R. NELSON, Circuit Judges.

Darrell Hunter appeals from the district court's denial of his 28 U.S.C. § 2254

petition challenging his conviction in California state court for making a criminal

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

threat against his former girlfriend's manager. We granted a certificate of appealability with respect to three issues. We have jurisdiction under 28 U.S.C. § 2253, and reviewing de novo, we affirm. *See Lopez v. Thompson*, 202 F.3d 1110, 1116 (9th Cir. 2000) (en banc).

1. The state court reasonably determined that Hunter was not denied due process when the trial court failed to suspend his trial and order a competency evaluation after his outburst in court. A *sua sponte* competency hearing is required when the evidence before the trial court raises a "bona fide doubt" as to a defendant's competency to stand trial. *Maxwell v. Roe*, 606 F.3d 561, 568 (9th Cir. 2010) (quoting *Pate v. Robinson*, 383 U.S. 375, 385 (1966)).

It is certainly true that Hunter's out-of-court behavior was unusual, and his composure vacillated at times during in-court proceedings. But as the state court described, this evidence of "extreme emotion and anger," "agitation," and "perhaps a lack of impulse control" was not substantial enough to suggest that Hunter was unable to understand the proceedings and participate in his own defense. Instead, the trial court's interactions with and observations of Hunter during the proceedings left it with no doubt that he was competent. Not only does Hunter rely almost exclusively on circuit precedent—which "does not constitute 'clearly established Federal law, as determined by the Supreme Court'" and therefore "cannot form the basis for habeas relief under AEDPA," *Parker v. Matthews*, 567 U.S. 37, 48–49

2

(2012)—in arguing that the state court erred, but the cases he cites involve far more extreme evidence. Thus, we cannot conclude that the state court's denial of Hunter's claim "resulted in a decision that was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States" or was otherwise "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(1), (2). Furthermore, we cannot consider Hunter's medical history and diagnoses because that evidence was not before the trial court. *See McMurtrey v. Ryan*, 539 F.3d 1112, 1119 (9th Cir. 2008).

2. The state court reasonably determined that the trial court's failure to grant Hunter a new trial was not a violation of due process. Two post-trial competency reports were the only new evidence before the court. Not only did those reports reach contrary conclusions, but they also addressed Hunter's competence at the time of the doctors' evaluations rather than at the time of the already-concluded trial. These were reasonable bases on which to reject this claim.

3. Finally, defense counsel's failure to declare a doubt as to Hunter's competence or to investigate and present a diminished actuality defense did not make his performance constitutionally deficient. Our review of a *Strickland* claim under § 2254(d) is "doubly deferential." *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)); *see also Strickland v. Washington*, 466 U.S. 668, 689 (1984).

Hunter argues that his lawyer should have requested a competency evaluation based on the same evidence that he says should have led the trial court to order one. For the same reasons that a mid-trial evaluation was not constitutionally required, an expression of doubt from counsel was not constitutionally required. Further, as the state court noted, counsel's doubt would not have changed the outcome in light of the trial court's considered view of Hunter's engagement in the proceedings and ability to assist in his defense.

Neither was defense counsel constitutionally required to use Hunter's bipolar disorder diagnosis to argue that he did not have the specific intent required to convict him. The state court's rejection of this claim rested on at least three reasonable grounds. First, assuming that counsel was aware of the evaluation Hunter relies on, the report addressed his competence to stand trial, not his mental state at the time of the offense. Second, evidence about Hunter's general capacity to form specific intent would not have been admissible. Third, in light of Hunter's fixation on the victim and earlier threat against her, reasonable counsel could have concluded that this defense was not viable. Counsel's decision was "reasonable considering all the circumstances." *See Strickland*, 466 U.S. at 688. Finally, even if counsel's performance could be considered deficient, Hunter has failed to show prejudice.

**AFFIRMED.**